MORENCY v. VILLAGE OF HUDSON FALLS. (No. 286/95.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

MUNICIPAL CORPORATIONS ☜821—DEFECTIVE STREETS—NOTICE—QUESTIONS FOR JURY.

> Where a branch of a tree standing in the street, which fell and injured plaintiff, was filled with dry rot and had no leaves, branches, or twigs upon it, and where it fell the bark was so dry that it fell off, it was a question for the jury whether its condition was such as to give the village notice that it was rotten, and should be cut down before causing injury.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. ☜821.]

> Kellogg and Howard, JJ., dissenting.

Appeal from Trial Term, Washington County.

Action by Alexander Morency against the Village of Hudson Falls. From a judgment dismissing plaintiff's complaint, he appeals. Reversed, and new trial ordered.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Bratt & Van Wormer, of Ft. Edward, for appellant.
A. N. Richards, of Hudson Falls, for respondent.

SMITH, P. J. Upon the 1st day of March, 1914, plaintiff while passing along Elm street in the defendant village was injured by the fall of a branch of a tree, which stood in the street. He brings this action against the village, claiming that the village was negligent in

not having discovered the fact that this branch was rotten and not having removed the same. Upon the trial, after the production of the evidence for the plaintiff, the court granted a nonsuit, and of this nonsuit the plaintiff here complains.

It is alleged in the complaint that the defendant owed the duty of reasonable care to those passing along the street, to guard them from injury occurring from rotten branches of trees situated in the street. This duty is admitted in the answer. The nonsuit was granted, apparently upon the ground that the defendant had no notice of this defective condition of this branch for a sufficient time to impose upon it the duty to remove the same. From the evidence it appears that this branch broke from the tree at the trunk; that it was filled with dry rot; that it had no leaves or branches or twigs upon it; where it fell the bark was so dry that it fell off. It was not this branch that injured the plaintiff; but the falling of this branch broke another branch, which fell down and caused the injury of which plaintiff complains. This accident occurred in March, when snow was upon the ground and some snow was upon the trees. Whether the condition of this branch was such as to put the defendant upon notice, and require an inspection in the exercise of reasonable care, would seem to be a question for the jury to decide. A branch, although with bark upon it, which has no twigs and no branches, might be held by the jury to have been in such a condition as to give notice to the city in the exercise of reasonable inspection that such branch was rotten, and should be cut down before it caused injury to passers-by upon the street. The question was one of fact, and we think the judge was not authorized to decide as matter of law that there was no such condition as would give constructive notice to the city.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

LYON and WOODWARD, JJ., concur. KELLOGG and HOWARD, JJ., dissent.